**(December 16, 1970)**

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN J. ABT, on Behalf of ANGELA YVONNE DAVIS, Appellant, v. JESSIE L. BEHAGEN, as Superintendent of The Women's House of Detention of New York City, Respondent.—

Concur — McGivern, J. P., Markewich, Nunez, Steuer and Tilzer, JJ.

**(December 17, 1970)**

ALBERT BOUZIDE, Respondent, v. CITADEL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.—

Concur — Eager, J. P., Capozzoli and Tilzer, JJ.; McGivern and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We would reverse and grant defendant judgment on its counterclaim for rescission. The misrepresentations were so many and so repeated that the conclusion is inevitable that the plaintiff was engaged in a deliberate attempt to procure the insurance by fraud. The very nature of several of his complaints plus the fact that he sought medical aid preclude any idea that he was innocently unaware of his ailments. It was only a matter of a few months from the original application for the policy that a claim for benefits was asserted. And as far as his condition was concerned, the claim was incontestable. Nor does plaintiff deny his misrepresentations. He argues that no one of his many misrepresentations was serious. In this he is supported by medical testimony, some of which we believe to be subject to quite obvious bias. Also, reliance is placed on the knowledge of the broker, whose interest it is to favor the insured, merely because that broker was requested by defendant to make certain preliminary investigations. And on the question of reliance, much is sought to be made of the failure to call certain witnesses, oblivious of the fact that the officers charged with the duty gave unequivocal testimony. The decision unfortunately favors a palpably dishonest applicant whose recovery will eventually be paid in the higher premiums exacted from legitimate insureds.